IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA ISABELLA,<br>          Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 17-2028 |
| DAVID CHAMPAGNE, *et al.*,<br>          Defendants. | :<br>:<br>: |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                 **February 26, 2018**

Plaintiff Teresa Isabella filed a *pro se* complaint against Defendants[1] in connection with a pending action in the Philadelphia Court of Common Pleas involving an application for conservatorship over the blighted property located at 325 S. 18th Street in Philadelphia, Pennsylvania, which Plaintiff once owned but has since sold to another individual. In particular, Plaintiff alleges that the pending state court action for appointment of a conservator over the subject property, brought pursuant to Pennsylvania's Abandoned and Blighted Property Conservatorship Act[2] ("Act 135") deprived her of her property. Defendants filed several motions to dismiss the complaint. For reasons that follow, the Court will grant the motions.

I. **BACKGROUND**

The following facts are established by public record, or are alleged in the complaint. On June 3, 2016, Defendants Laura Blau, and Charles Walsh, III, and the Philadelphia Community Development Coalition filed a petition for appointment of a conservator of the property at 325 S. 18th Street in the Philadelphia Court of Common Pleas, pursuant to Act 135. At the time the

---

[1] Defendants are Orphanides & Toner, LLP, Paul J. Toner, Esquire, and Michael McIlhinney, Esquire ("Attorney Defendants"); the First Judicial District of Pennsylvania; Governor Thomas Wolf and Attorney General Joshua Shapiro; Philadelphia Community Development Coalition, Inc., David Champagne, Laura Blau, and Charles Walsh, III; and the Center City Residents' Association of Philadelphia.

[2] 68 P.S. §§ 1101, *et seq.*

petition was filed, Plaintiff had owned the property for more than 42 years. On May 2, 2017, a hearing on the petition was held, the petition was granted, and the Philadelphia Community Development Coalition was appointed conservator of the subject property.[3] Days before this hearing, on April 28, 2017, Plaintiff sold the property at issue to 325 S. 18th Street LLC for $1,000,000.00.[4] Since the appointment of a conservator, however, Plaintiff has filed numerous motions in the Philadelphia Court of Common Pleas, including a motion for reconsideration and an appeal. Some of Plaintiff's motions are still pending before the Philadelphia Court of Common Pleas.[5]

The complaint alleges that through the Act 135 process of appointing a conservator, Plaintiff was deprived of her property.[6] She raises the following claims: (1) declaratory and injunctive relief against all Defendants for deprivation of fundamental property ownership rights in violation of the Fourteenth Amendment to the United States Constitution and Article I, §§ 1, 8, and 9 of the Pennsylvania Constitution (Count I); declaratory and injunctive relief against all Defendants for deprivation of fundamental property ownership rights in violation of the Fourth Amendment (Count II); declaratory and injunctive relief against all Defendants for deprivation of fundamental property ownership rights in violation of the First Amendment (Count III); declaratory and injunctive relief against all Defendants for deprivation of fundamental property ownership rights in violation of the Fair Housing Act[7] (Count IV); declaratory and injunctive

---

[3] *See* Mot. to Dismiss, Doc. No. 16, Ex. A.

[4] An attorney representing the property's successor-in-interest, 325 S. 18th Street LLC, requested permission to intervene during the hearing, and the Philadelphia Community Development Coalition did not object to this intervention. Therefore, the Philadelphia Court of Common Pleas granted the petition to intervene.

[5] *See, e.g.*, Mot. to Dismiss, Doc. No. 9, Exs. A, B, C.

[6] Compl. at ¶¶ 2, 15.

[7] 42 U.S.C. §§ 3601, *et seq.*

relief against all Defendants for Act 135's violation of Pa. Const. art. III, § 32 (Count V);[8] civil conspiracy, conversion, intentional infliction of emotional distress, theft by extortion, slander of title, and common law abuse of process (Count VI); and declaratory relief (Count VII).

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Lack of Jurisdiction

A defendant may move to dismiss a civil action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[9] The plaintiff, then, bears the burden of establishing subject matter jurisdiction.[10] In considering the 12(b)(1) motion, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[11] A court may "make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction."[12] If the Court determines that it lacks subject matter jurisdiction, Federal Rule of Civil Procedure 12(h)(3) requires dismissal.[13]

### B. Rule 12(b)(6) Failure to State a Claim

Dismissal for failure to state a claim is appropriate if the complaint fails to allege facts sufficient to establish a plausible entitlement to relief.[14] In evaluating Defendants' motions, the Court "take[s] as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from [it]," but "disregard[s] legal conclusions and recitals of the elements of a

---

[8] Plaintiff also seeks an injunction against the imposition of General Court "Regulation 2009-01," which she alleges "was drafted and intended to solely aid petitioners seeking to file Act 135 petitions." Compl. at ¶ 99.
[9] Fed. R. Civ. P. 12(b)(1).
[10] *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).
[11] *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).
[12] *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008) (citation omitted).
[13] Fed. R. Civ. P. 12(h)(3).
[14] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

cause of action, supported by mere conclusory statements."[15] Instead, to prevent dismissal, a complaint must "set out sufficient factual matter to show that the claim is facially plausible."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

## III. ANALYSIS

### A. Plaintiff's Lack of Standing Deprives This Court of Jurisdiction

Turning first to the issue of standing, Article III limits federal judicial jurisdiction to cases and controversies.[18] Requiring that a plaintiff has standing ensures that he or she "allege[] such a personal stake in the outcome of the controversy as to warrant [his or her] invocation of federal-court jurisdiction."[19] To satisfy this burden, a plaintiff must show (1) "that [she] is under a threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical"; (2) "it must be fairly traceable to the challenged action of the defendant"; and (3) "it must be likely that a favorable judicial decision will prevent or redress the injury."[20] "A federal court must dismiss a complaint for lack of subject matter jurisdiction under the case-or-controversy requirement of Article III of the United States Constitution if the plaintiff lacks standing to bring a claim."[21] In forfeiture cases, for example, the United States Court of Appeals for the Third Circuit requires "a showing that the claimant

---

[15] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks and citation omitted).

[16] *Fowler*, 578 F.3d at 210 (citation and internal quotation marks omitted).

[17] *Santiago*, 629 F.3d at 128 (citation and internal quotation marks omitted).

[18] U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[19] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)) (internal quotation marks omitted).

[20] *Id.* (citation omitted).

[21] *Travelers Indem. Co. v. Cephalon, Inc.,* 32 F. Supp. 3d 538, 544 (E.D. Pa. 2014) (citing *Lujan*, 504 U.S. at 560), *aff'd*, 620 F. App'x 82 (3d Cir. 2015).

independently exercised some dominion or control over the property" to demonstrate colorable ownership or possessory interest.[22]

Here, Plaintiff did not own the subject property at the time the petition for appointment of a conservator was granted and the conservator appointed, nor does she presently own the property. While her complaint is somewhat vague, she is essentially alleging injury in light of the appointment of the Philadelphia Community Development Coalition as conservator for the property. Because Plaintiff sold the property on April 28, 2017, she cannot show that she suffered an injury in fact that is concrete and particularized. Therefore, she also cannot show a causal connection or likelihood that a favorable judicial decision here will redress her injury. Since Plaintiff cannot satisfy the standing requirement, the Court must dismiss her case for lack of subject matter jurisdiction.[23]

### B. The *Rooker-Feldman* Doctrine Precludes Jurisdiction

Even if Plaintiff could satisfy the standing requirement, the *Rooker-Feldman* doctrine bars federal court review of a state court decision.[24] This doctrine applies where a plaintiff contends she has been deprived of federally protected due process or equal protection rights, and where her constitutional claims are "inextricably intertwined" with the state court's action.[25] Plaintiff has complained of exactly such deprivations here, and her allegations regarding violation of due process are certainly intertwined with the Philadelphia Court of Common Pleas' decision; thus the *Rooker-Feldman* doctrine applies.

---

[22] *Munoz-Valencia v. U.S.*, 169 F. App'x 150, 152 (3d Cir. 2006).

[23] To the extent Plaintiff seeks compensatory damages for the state law claims contained in Count VI, the Court lacks subject matter jurisdiction because the parties are not diverse. *See* 28 U.S.C. § 1332.

[24] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[25] *Feldman*, 460 U.S. at 482-84 n.16.

### C. *Younger* Abstention Also Requires Dismissal for Lack of Jurisdiction

Finally, the abstention doctrine announced in *Younger v. Harris*,[26] also requires that the Court dismiss this case. The *Younger* abstention doctrine applies where "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."[27] There are presently seven motions pending in the Philadelphia Court of Common Pleas action. Plaintiff is actively fighting the appointment of a conservator there, all of which pertains to the important state interests of upholding property interests and combatting blight. Pursuant to *Younger*, it would be improper for the Court to consider Plaintiff's claims while the state litigation is ongoing.[28]

### IV. CONCLUSION

For the reasons set forth above, the motions to dismiss will be granted.[29] An appropriate order follows.

---

[26] 401 U.S. 37 (1971).

[27] *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citations omitted).

[28] Defendants raise other arguments supporting dismissal under Rule 12(b)(6) that appear to be meritorious. The Court will not discuss those matters, however, because it does not have subject matter jurisdiction.

[29] Plaintiff is not given leave to amend the complaint because doing so would be futile. In determining whether to give leave to amend a complaint, the Court may deny leave to amend when amendment would be futile. *See Neff v. Unum Provident Corp.*, No. 14-6696, 2015 WL 5036390, at *7 (E.D. Pa. Aug. 19, 2015). Here, new facts would not cure the jurisdictional defects.